UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDY CRACCHIOLO § | |
| § | |
| VS. § | |
| § | CASE NO. _____ |
| PERRY MATLOCK a/k/a "PJ § | |
| MATLOCK"; § | |
| ATLAS TRADING GROUP, LLC; § | |
| MNA CAPITAL, LLC; § | |
| PM TRADING, LLC; § | |
| HILLTOP ASSETS § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff, Andy Cracchiolo alleges as follows:

### I. SUMMARY

1. From at least March 9, 2021 through the present, Perry Matlock ("Matlock") and his associated entities known as Atlas Trading Group, LLC ("Atlas"), MNA Capital, LLC ("MNA"), PM Trading, LLC ("PM"), and Hilltop Assets ("Hilltop") (collectively the "Defendants") have been engaged in the unlawful operation of a fraudulent investment scheme and offering illusory investment advice for the purpose of trading Bitcoin and other various commodities and securities. In connection with these activities, the Defendants have been deceptively soliciting members of the public including the Plaintiff. Defendants are not and have never been registered under the Commodity Exchange Act ("CEA"), or the Texas State Securities Act ("TSSA").

2. Using various websites and social media platforms, the Defendants fraudulently pitched their investment advice and intentionally and fraudulently lured Plaintiff into purchasing Bitcoin, opening an account with Hilltop and then transferring the Bitcoin to the Hilltop account. To induce participation in their investment scheme, the Defendants fraudulently gave investment advice and told Plaintiff how much their returns would be if they would follow their advice and that there was

1

no way that the Plaintiff would lose money if they just followed their advice. In fact, the Defendants knew or recklessly failed to appreciate that they did not possess any kind of license to be giving investment advice, much less guaranteeing profitability and returns by following that advice. Plaintiff invested over $900,000 worth of Bitcoin with Defendants and despite multiple demands, his original investment and the purported gains have not been returned to him.

3. Through this conduct, the Defendants violated, and are currently violating, Section 12 of the TSSA and Section 6 of the CEA.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. §1332 (diversity jurisdiction).

5. The Court has jurisdiction over Matlock because he resides in this District and because Matlock's transactions, acts, practices, and courses of business at issue in this Complaint occurred, are occurring, or are about to occur within this District.

6. The Court has jurisdiction over Atlas, MNA, PM and Hilltop as all of these entities have their principal places of business in this District and because of theses entities transactions, acts, practices, and courses of business at issue in this Complaint occurred, are occurring, or are about to occur within this District.

7. Venue properly lies with this Court pursuant to 28 U.S.C. §1391 as this is the District where all Defendants reside and the District in which a substantial part of the events or omissions giving rise to the claim occurred.

## III. PARTIES

8. Plaintiff Andy Cracchiolo is an individual residing in Arizona.

9. Defendant Perry Matlock is a Texas citizen and resident of Montgomery County, and may be served with process at 74 N. Lamerie Way, The Woodlands, Texas 77382. Issuance of summons is requested at this time.

10. Defendant Atlas Trading Group, LLC is a Texas Limited Liability Corporation and may be served with process by serving its registered agent for service Perry Matlock at 74 N. Lamerie Way, The Woodlands, Texas 77382. Issuance of summons is requested at this time.

11. Defendant MNA Capital, LLC is a Texas Limited Liability Corporation and may be served with process by serving its registered agent for service Perry Matlock at 74 N. Lamerie Way, The Woodlands, Texas 77382. Issuance of summons is requested at this time.

12. Defendant PM Trading, LLC is a Texas Limited Liability Corporation and may be served with process by serving its registered agent for service Perry Matlock at 74 N. Lamerie Way, The Woodlands, Texas 77382. Issuance of summons is requested at this time.

13. Defendant Hilltop Assets is unknown type of entity that based on information and belief is owned and operated by Perry Matlock and therefore may be served with process by serving Perry Matlock at 74 N. Lamerie Way, The Woodlands, Texas 77382. Issuance of summons is requested at this time.

## IV. FACTS

14. On or about March 9, 2021, Andy Cracchiolo began following Perry Matlock on Twitter. Matlock had a following in the hundreds of thousands and ran an information and communications portal on Discord[1] called Atlas Trading.

---

[1] Discord is Voice over IP messaging and digital distribution platform that allows users to communicate with voice calls, video calls, text messaging, media and files in private chats or as part of communities called "servers". These servers are a collection of persistent chat room and voice chat channels. *See* Discord Wikipedia page, https://en.wikipedia.org/wiki/Discord_(software)

15. Matlock used the Atlas Trading Discord portal to setup chat rooms where he would interact with members of his Atlas Trading Chat Platform about trades they were making, what they were buying and selling, and the reasons for or against purchasing certain stocks and commodities, but especially Bitcoin. Matlock and other chat group members would also boast about all the gains they had made from buying and selling stocks and commodities. Matlock was, by far, the most frequent and active poster in this chatroom.

16. Over the course of the first nine weeks of 2021, Andy Cracchiolo made several comments on Matlock's Twitter page. On March 9, 2021, Matlock began to respond back to Cracchiolo. Eventually, Matlock invited Cracchiolo to converse with him privately using a text messaging app known as WhatsApp.

17. Matlock began the conversations by giving Cracchiolo information on stocks and recommendations on which stocks to buy. The conversation quickly progressed; and on the first day of their first interactions on WhatsApp, Matlock guided the conversation from stocks to crypto-currency. Cracchiolo knew nothing about crypto-currency but Matlock kept pushing him to invest in it.

18. Specifically, Matlock told Cracchiolo that he should invest his trading money and other assets in Bitcoin, telling Cracchiolo that there would be sizable returns on his investments if he were to follow his advice. Cracchiolo relayed to Matlock that he did not know anything about crypto, but Matlock told him not to worry about that and promptly sent Cracchiolo a link to open an account with Hilltop Assets and transfer his Bitcoin to the Hilltop account.

19. Cracchiolo followed Matlock's advice, opened an account with Hilltop, and began transferring Bitcoin to his Hilltop account. From there Matlock began advising Cracchiolo every time he would buy and sell Bitcoin via the Hilltop platform. Matlock was involved in every aspect

of Cracchiolo's account with Hilltop, which was accentuated by the fact that Cracchiolo could not even withdraw money from his Hilltop account without first contacting Matlock.

20.     Cracchiolo invested over $900,000 worth of Bitcoin with Hilltop upon Matlock's advice. Eventually, Cracchiolo desired to withdraw the money from his Hilltop account. He attempted to contact Hilltop to no avail, and the only response he got back from Hilltop was when he eventually reached out to Matlock who told him that there would be 12% withdrawal fee. Matlock proceeded to hold Cracchiolo's funds hostage and kept demanding more payment in the form of Bitcoin from Cracchiolo in order for the remainder of his funds to be released. When Cracchiolo was unable to meet Matlock's additional payment demands, Matlock wiped out Cracchiolo's Hilltop account and absconded with the Bitcoin that was in Cracchiolo's account.

## V. CAUSES OF ACTION

21.     Plaintiff re-alleges each and every allegation contained in this Complaint as though fully set forth herein.

### COUNT 1
### FRAUD

22.     As set forth above, Defendants engaged in a scheme to defraud Plaintiff out of money by making multiple false representations and convincing them to invest in Bitcoin through them. These representations were untrue, and Defendants knew they were untrue when they were made. Defendants made these representations to entice Plaintiff into investing his money in order to purchase and invest in Bitcoin with them and in accordance with their advice.

23.     Defendants failed to inform the Plaintiff that they were not licensed under either the Texas State Securities Act or under the Commodities Exchange Act. Defendants fraudulently omitted this material information from Plaintiff so that Plaintiff would follow their advice and invest

hundreds of thousands of dollars into their investment funds to purchase Bitcoin. Defendants actions have caused significant economic damages to Plaintiff.

## COUNT 2
## ACTING AS AN INVESTMENT ADVISER IN VIOLATION OF THE TEXAS STATE SECURITIES ACT

24. Under Section 12(b) of the Texas State Securities Act, a person may not render services as an investment adviser in the State of Texas unless that person is registered under the Act. Neither Matlock or any of his tangled web of companies is registered in the State of Texas as an investment adviser under the Texas State Securities Act.

25. Accordingly, pursuant to Section 33-1 of the TSSAct, Plaintiff seeks damages for injuries suffered by the Defendants actions.

## COUNT 3
## FRAUD IN VIOLATION OF THE COMMODITIES EXCHANGE ACT

26. Defendants were engaged in the marketing, selling, advising and trading of Bitcoin, a commodity under the CEA, 7 U.S.C. §1 et. seq. Defendants have violated Section 6 and multiple other sections of the CEA and by virtue of their actions have caused injuries to Plaintiff.

27. Accordingly, pursuant to Section 25 of the CEA, Plaintiff seeks damages for injuries suffered by the Defendants actions.

## COUNT 4
## CONVERSION

28. Plaintiff owned, possessed, and have the right to immediate possession of property in the form of Bitcoin. In addition, this property is the monies invested and the purported gains on those investments in the Hilltop account.

29. This property is personal property.

30.     Defendants wrongfully exercised dominion or control over this property, therefore causing damages to Plaintiff.

### COUNT 5
### CONSPIRACY TO DEFRAUD

31.     Defendants had a meeting of the minds and combined to unlawfully deprive Plaintiff of his rights to money, property and gains on his Bitcoin investment in the Hilltop account.

32.     At least one of the members of this conspiracy – namely Matlock – committed the unlawful acts described above.

33.     Plaintiff was injured and has suffered damages because of this conspiracy.

### VI. DAMAGES

34.     Defendants are liable to Plaintiff and Plaintiff is entitled to recover the following damages:

    a)    Actual damages;

    b)    Exemplary damages;

    c)    Mental anguish;

    d)    Pre-Judgment and Post-Judgment interest;

    e)    Court costs; and

    f)    Reasonable attorney's fees.

### VI. DEMAND FOR TRIAL BY JURY

35.     Plaintiff demands trial by jury on all claims for which the law provides a right to a jury trial.

### VII. PRAYER FOR RELIEF

36.     Plaintiff prays that the Court enter judgment in his favor for the following:

    a)    Actual damages in an amount to be determined by a jury;

    b)    Exemplary damages according to proof;

    c)      Mental anguish damages;

    d)      Pre-judgment and post-judgment interest;

    e)      Court costs and reasonable attorney's fees; and

    f)      For any other and further relief, in law or in equity, to which he is justly entitled and this Court deems just and proper.

Date: October 14, 2021

              Respectfully submitted,

              JIMMY ARDOIN & ASSOCIATES, PLLC
              4900 Fournace Place, Suite 550
              Bellaire, Texas 77401
              P: (713) 574-8900
              F: (713) 574-1404

              */s/ James Ardoin*
              JAMES ARDOIN
              State Bar No. 24045420
              SDTX No. 571281
              Email: jimmy@jimmyardoinlaw.com

              THE HITTNER GROUP, PLLC
              P.O. Box 541189
              Houston, Texas 77254
              P: (713) 505-1003

              */s/ George J. Hittner*
              GEORGE J. HITTNER
              State Bar No. 24038959
              SDTX No. 431901
              Email: george@thehittnergroup.com

              *Attorneys for Plaintiff*